**Jon DESROSIERS, et al., Plaintiffs,**

v.

**ANDROSCOGGIN COUNTY, et al., Defendants.**

**Civ. No. 85–0091–P.**

United States District Court, D. Maine.

June 24, 1985.

Andrew Choate, Lewiston, Maine, and Mark Soler, Carole Shauffer, San Francisco, Cal., for plaintiffs.

Robert S. Frank, Asst. Atty. Gen., Augusta, Maine, and Martin I. Eisenstein, Brann & Isaacson, Lewiston, Maine, for defendants.

### MEMORANDUM AND ORDER GRANTING DEFENDANT JUDGES' MOTION TO DISMISS

GENE CARTER, District Judge.

In this action Plaintiff[1] challenges the incarceration of juveniles under allegedly unconstitutional conditions at the Andros-

---

1. Plaintiff has brought the complaint as the representative of a proposed class of juveniles. However, no motion for class certification has been filed or acted upon yet.

coggin County Jail, the incarceration of juveniles in a secure facility where they come into contact with adults, and the secure detention of status offenders. Plaintiff also challenges Defendants' alleged failure to provide and utilize appropriate community-based alternatives to placement of juveniles in the Androscoggin County Jail. Defendants are Androscoggin County, its Commissioners and Sheriff, and three Maine District Court judges, who have the authority, under Maine law, to order incarceration of juveniles at the Androscoggin County Jail.

Plaintiff sues the Defendant judges in their official capacities only, seeking declaratory and injunctive relief prohibiting Defendants from confining Plaintiff in the Androscoggin County Jail. In the alternative, Plaintiff seeks injunctions sufficient to rectify the allegedly unconstitutional and otherwise illegal acts and omissions. The Defendant judges have moved to dismiss on the grounds that, as neutral adjudicators, they have no real stake in the litigation and that relief can be afforded to Plaintiffs without their presence in the lawsuit. The Court agrees with Defendants' analysis and will dismiss the complaint as against them.

 Judges acting in their official capacities are not immune from suits for prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). As Defendants point out, however, several courts, including the Court of Appeals for the First Circuit, have discussed circumstances in which the maintenance of such suits against judges is inappropriate. Indeed, the Eighth Circuit Court of Appeals has stated that "[i]n *In re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir.1982), Judge Breyer cogently demonstrated that in most section 1983 cases, federal courts should refuse to grant relief against state judges." *R.W.T. v. Dalton*, 712 F.2d 1225, 1232 (8th Cir.1983). In *In re Justices* the First Circuit court addressed a challenge to the constitutionality of a state statute. The court suggested that judges adjudicat-

ing claims under a challenged state statute are acting in a purely adjudicative capacity without a personal or institutional stake on either side of the controversy. *In re Justices*, 695 F.2d at 22. Because of this lack of interest in upholding the statute they are not proper party defendants in a section 1983 action. "In short, § 1983 does not provide relief against judges acting purely in their adjudicative capacity, any more than, say, a typical state's libel law imposes liability on a postal carrier or telephone company for simply conveying a libelous message." *Id.* The court further noted that, as a matter of comity, it was unwise to encourage or force judges to participate as defendants in a federal suit attacking state law because such action would require them to abandon their neutrality and tend to undermine their role as judges. *Id.* at 25. The court recognized that in certain instances, state judges might be proper parties; for instance, if they had promulgated the rules under attack, or if in some other way their presence was required to give full relief to the parties. *Id.* at 22. The court emphasized, however, that "[s]uch cases are unusual, for a court should not enjoin judges from applying statutes when complete relief can be afforded by enjoining all other parties." *Id.*

Although *In re Justices* involved a challenge to the constitutionality of a statute, the Court of Appeals for the Eighth Circuit adopted the same analysis where, as here, the challenge was to the court's practice. In that case, plaintiffs challenged the court's practice of detaining juveniles without a probable cause hearing. Having determined that such hearings were constitutionally required, the court found that the judges were not proper parties because plaintiffs' rights could apparently be vindicated by an injunction directed to the juvenile officer and because the judges, if acting independently of the juvenile officer's guidance, would comply with the court's determination that such a hearing is necessary.

■ As the Defendant judges point out, if warranted, Plaintiffs can obtain full relief in this case through injunctions awarded against the other parties defendant. An order prohibiting the Sheriff from incarcerating juveniles in the Androscoggin County Jail, or an order to the County to improve conditions at the jail, would provide relief under Count I. Full relief could be obtained under Count III if the Sheriff or the County and its Commissioners are directed to separate adults from juvenile offenders at the jail.

Counts II and IV challenge the placement of status offenders in the Androscoggin County Jail, a secure facility, and further challenge Defendants' failure to seek less restrictive community-based alternatives to confinement at that facility. Maine law requires preconviction detention in the least restrictive residential setting but permits such detention in county jails if the jails meet pertinent requirements for juvenile inmates. 15 M.R.S.A. § 3203. Dispositions for adjudicated juvenile offenders include (1) allowing the juvenile to remain in the custody of the juvenile's parents; (2) requiring the juvenile to participate in a supervised work program; (3) committing the juvenile to the Department of Corrections or Department of Human Services for placement in a group home, foster home, or residential facility; or (4) committing the juvenile to either Department for provision of services to a juvenile within the juvenile's home. 15 M.R.S.A. § 3314(1)(A)–(D). Maine law also provides criteria for withholding an institutional disposition. *Id.*, § 3313. Thus, Maine law permits judges to exercise their discretion, guided by statutory criteria, and confine juveniles to the Androscoggin County Jail.

Plaintiff argues that exercise of this discretion removes the judges from their adjudicative capacity and places them in the role of enforcers of the law, who should be subject to suit under the theory of *In re Justices*. The Court cannot agree. As the Court stated in *R.W.T. v. Dalton:*

Although the plaintiffs here characterized their attack as one upon the court's practice rather than upon the constitutionality of the Missouri statutes or Supreme Court Rules, this distinction makes no difference to our analysis. The judges of the Eleventh Judicial Circuit, in the course of deciding juvenile cases, are interpreting Missouri law and the United States Constitution as requiring no probable cause hearings for detained juveniles. The fact that we disagree with them does not make their determination any less an act of disinterested adjudication. Their position is no more adverse to that of the plaintiff than the position of any judge who rules adversely on a point of law to any litigant. Thus the judges were not proper defendants in this suit.

*R.W.T. v. Dalton,* 712 F.2d at 1233.

Adequate relief can also be obtained by other means. Plainly, the Defendant judges are not charged with providing, nor could they provide, less restrictive alternatives. Such actions are within the purview of the County, its Commissioners and, in cases like this pertaining to juveniles, ultimately the Department of Corrections. *See* 34–A M.R.S.A. § 1209. Since the Department of Corrections and its Commissioner are not joined as defendants, Plaintiff apparently assumes that they have implemented a plan and set appropriate standards for the county jails and other county detention facilities which, if followed, would make them suitable for juvenile offenders and detainees. *See* 34–A M.R.S.A. §§ 1208, 1209. Any failure to conform to the standards must, therefore, be attributed to the County or the Sheriff. If the Court, then, were to determine that the Androscoggin County Jail is an inappropriate place of confinement for juvenile status offenders, it could enjoin the Sheriff or the County from confining such juveniles there and direct them to seek or make available less restrictive alternatives. The presence of the judges in this case is not necessary

for the Court to award full relief to the parties. Moreover, if this Court were to determine, in a proceeding against the other defendants, that the Androscoggin County Jail is an inappropriate place of confinement for detained status offenders, the Court presumes, as it must, that the judges would follow that determination of the law. *In re Justices,* 695 F.2d at 22; *R.W.T. v. Dalton,* 712 F.2d at 1233.

If the district court judge determines that some sort of confinement is necessary for an adjudicated, rather than detained, juvenile offender, he does not send him to jail, but rather commits him to the custody of the Department of Corrections, which then can choose the appropriate facility including, presumably, a county jail. If the Court were to determine that juvenile status offenders were not being placed in the least restrictive community-based alternatives, an injunction directed to the judges would be of no avail for it is the Department which has the placement power.[2] Both the Department and the Sheriff have statutory authority to effect certain transfers of prisoners.

Although Plaintiff suggests that the Supreme Court in *Pulliam* endorsed injunctive relief of the type sought here, that is not the case. The narrow holding of that case is that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen,* 466 U.S. at ——, 104 S.Ct. at 1981, 80 L.Ed.2d at 579. The Court stated explicitly that it expressed "no opinion as to the propriety of the injunctive relief awarded in this case" because the petitioner had appealed the grant of attorney's fees against her rather than the award of injunctive relief.

Accordingly, it is *ORDERED* that the Defendant judges Motion to Dismiss be, and is hereby, *GRANTED.*

So *ORDERED.*

---

**2.** Any challenge to the judges' exercise of their discretion among the various dispositional alternatives set forth in § 3314 is not a proper subject for injunctive relief since appeal of any disposition is provided by state law.